# Federal Defenders
## OF NEW YORK, INC.

**MEMO ENDORSED**

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

**BY ECF**

January 9, 2026

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> The application for permission to travel to Mississauga, Canada from January 15, 2026 through January 18, 2026, is granted.
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: __1/9/2025__
> New York, New York

Re: *United States v. Kenneth Thom*, 1:25-cr-00360-ER-1

Dear Judge Ramos,

I write with the consent of the United States Pretrial Services Office to request a modification of Mr. Thom's pretrial release conditions, **to permit him to travel to Mississauga, Canada, from January 15, 2026 through January 18, 2026.** The government opposes this request.

Mr. Thom was charged with one count of securities fraud and one count of investment adviser fraud on August 12, 2025. Dkt. No. 2. On August 21, 2025, he was presented before the Honorable Barbara C. Moses and released on the following conditions: a $750,000 personal recognizance bond co-signed by three financially responsible people; travel restricted to the Southern and Eastern Districts of New York and the District of New Jersey; surrender travel documents and make no new applications; pretrial supervision as directed by the pretrial services office; continue or seek employment; do not possess the personal identifying information of others; do not open any new financial accounts without advanced approval by pretrial services; and do not have contact with alleged victims except in the presence of counsel. Dkt. No. 7. To date, Mr. Thom has complied with all conditions of release.

Mr. Thom now requests a limited modification of his conditions of release. Earlier this week, Mr. Thom learned that his maternal aunt, Mary Ann Lomibao, with whom he shares a close bond, was admitted to hospice care in Mississauga, Canada. Ms. Lomibao is expected to pass away within the next week, and the family is in the process of planning funeral services. Mr. Thom would like to travel to

Mississauga between January 15 and January 18 to help plan and attend his aunt's funeral services, and to spend Ms. Lomibao's remaining days by her side.

I have spoken with the assigned Assistant United States Attorney regarding this request and understand that the government opposes it, due to potential challenges that may arise related to extradition from Canada, should Mr. Thom decide to flee. But that speculative concern is not rationally related to Mr. Thom's own history or characteristics or the specifics of this case. Since he was released in August, Mr. Thom has been in full compliance with his pretrial conditions. He spends most of his time working and caring for his daughter. He has not committed any new crimes. And his criminal history is minimal, with no warrant history. He has appeared at all required court appearances in this matter to date. The crimes charged, while serious, are non-violent in nature. Finally, most of Mr. Thom's financial accounts have already been frozen in connection with this case. An individualized assessment of Mr. Thom's flight risk, which is what the Bail Reform Act demands, reveals that Mr. Thom can be trusted to travel to Canada for four days. *See* 18 U.S.C. § 3142(c) (stating that the Court may at any time amend the release order to impose different conditions of release, and that the conditions must be the least restrictive combination that will reasonably assure the appearance of the defendant as required); *United States v. Jackson*, 19-cr-356-ARR, 2020 WL 1905674, at *3 (E.D.N.Y. April 17, 2020) (recognizing that bail determinations "must be made on a highly individualized, case-by-case basis"); *United States v. Fields*, 466 F.2d 119, 121 (2d Cir. 1972) (recognizing, in a case involving a bail application pending appeal from conviction, that denial of bail under the Bail Reform Act "must be done on an individual rather than on a blanket basis, and the reasons for doing so must comport with the statute and be stated with particularity.").

Mr. Thom seeks only a modest modification of his release conditions to permit him to attend funeral services, and to hopefully spend some final days with his beloved aunt. The United States Pretrial Services office, which is best positioned to evaluate Mr. Thom's risk of flight, does not oppose this request. Mr. Thom respectfully requests that this Court grant the proposed modification and order the release of his travel documents for the limited purpose of travel to Canada from January 15 – January 18, 2026.

Respectfully submitted,

/s/ *Joy Chen*
Joy Chen
Assistant Federal Defender

Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

CC:    AUSA Alexander Li
       Pretrial Services Officer Francesca Tessier (SDNY)
       Pretrial Services Officer Shannon Hull (DNJ)